■ In the Matter of the Claim of GEORGE FOUNDAS, Appellant, v DIMITROS VLACHOS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 11, 1977. The sole issue raised by the claimant in his appeal to the board and again to this court is whether or not the referee erred as a matter of law in applying subdivision 3 of section 14 of the Workers' Compensation Law (all statutory references hereinafter are to the Workers' Compensation Law) to ascertain the average weekly wage of claimant. In particular, the claimant objects to the determination that his average weekly wage was to be fixed by utilizing a multiple of 200 instead of a higher multiple. The referee utilized the 200 multiple because he concluded that the claimant had not worked a substantial portion of the year preceding his accident. The board made no new findings but simply held that subdivision 3 of section 14 applies. Before applying subdivision 3, the board must first decide under subdivision 1 whether a claimant "shall have worked in the employment * * * during substantially the whole of the year immediately preceding the injury" and, if not, then under subdivision 2, the

alternative, when not working in the same employment during substantially the whole of such year. It appears from a colloquy before the referee at a hearing held on June 22, 1976 that the parties assumed that the claimant had only worked for 33 weeks in the year prior to the accident which happened on November 9, 1973. This reliance was apparently based on a form (C-240) filed by the employer. That form indicates that the claimant worked from on or about March 24, 1973 until the accident or about 33 weeks in 1973. However, the form is ambiguous as to whether or not it shows the necessary weeks in 1972 to complete the 52-week period which the administrative agency must consider pursuant to section 14 in arriving at an average weekly wage. Upon the appeal to the board, the representative of the insurance carrier filed additional payroll records for the years of 1971 and 1972. The additional records were filed to support the contention of the insurance carrier that the claimant's employment was only "seasonal" and not intended to be for substantially the whole of a year. Reference to the payroll record for 1972 discloses that the claimant was employed for the entire month of November in 1972 and during the two weeks in December of 1972. It is thus apparent that the conclusion of the referee that the claimant had been employed only 198 days during the 52-week period at issue is erroneous, although the referee could not have known of such error. However, the board had the material before it to correct the erroneous fact and did not do so, but instead compounded the error by indicating in its memorandum of decision that: "The record contains a payroll indicating claimant worked for 33 weeks in the year prior to accident totalling $5,941.25." The board having additional information should have decided whether the 33 weeks together with November and December, 1972—six more weeks—was factually sufficient to entitle claimant to benefits under subdivision 1 or 2 of section 14. Since it appears that the board's decision is inadequate for judicial review as to the proper application of section 14 and the board's decision has errors of fact upon its face, the matter must be remitted for further consideration. Decision reversed, with one bill of costs to appellant against the employer and its insurance carrier and the Workers' Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.